## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 19-62152-SMS |
| ISAAC HAMMETT, ) | |
| ) | CHAPTER 13 |
| Debtor. ) | |
| ) | JUDGE SAGE M. SIGLER |
| ) | |
| ) | |
| ISAAC HAMMETT, ) | |
| ) | |
| ) | ADVERSARY NO. 19-05338 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STATEBRIDGE COMPANY, LLC, and ) | |
| WATERFALL VICTORIA GRANTOR ) | |
| TRUST II, SERIES G ) | |
| ) | |
| Defendants. | |

### REPORT OF RULE 26(F) CONFERENCE

The conference held pursuant to FED. R. CIV. P. 26(f) and BLR 7016-1 on <u>January 26, 2020</u>, which was attended by:

For Plaintiff:

>Jeremey A. Striegel
>J. Rachel Scott
>Atlanta Legal Aid Society
>54 Ellis St. NE Atlanta, GA 30303

For Defendant:

>Bret Chaness
>Rubin Lublin, LLC
>3145 Avalon Ridge Pl., Ste. 100 Peachtree Corners, GA 30071

1. **Initial Disclosures**. (Include one or more of the following, modified as appropriate.)

    [ ] The parties have made the initial disclosures required by FED. R. CIV. P. 26(a)(1).

    [ ] The parties agree to provide disclosures as follows [or as shown on the attached exhibit]

    _____

    [X] The parties have agreed not to make initial disclosures and to waive the requirements of FED. R. CIV. P. 26(a)(1) with regard to same.

2. **Discovery Plan**. The parties jointly propose to the court the following discovery plan as shown on the attached exhibit, subject to modification by the Court with the consent of the parties or for good cause shown: See Exhibit.

3. **Other items**.

    (a) The parties shall submit a consolidated pretrial order no later than 30 days after the close of discovery or the Court's ruling on any dispositive motion(s), whichever is later.

    (b) Plaintiff will be allowed until March 18, 2020 to file motions to join additional parties and until March 18, 2020 to file motions to amend the pleadings.

    (c) Defendant will be allowed until March 18, 2020 to file motions to join additional parties and until March 18, 2020 to file motions to amend the pleadings.

    (d) All dispositive motions will be filed by July 16, 2020.

4. **Settlement Potential**.

    (a) The parties [X] have [ ] have not discussed settlement.

    (b) The parties [X] do [ ] do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.

(c) The parties [X] have [ ] have not considered alternative dispute resolution.

(d) Settlement prospects may be enhanced by one of the following alternative dispute resolution procedures [check applicable boxes]: [X] Mediation; [ ] Judicial settlement conference; [ ] Early neutral evaluation; [ ] Other _____.

5. Identify any other matters regarding discovery or case management that may require the court's attention (e.g., concerns about confidentiality; the need for protective orders; unmovable scheduling conflicts). N/A.

6. Any other matters not covered above: N/A.

7. The parties [ ] do [X] do not request a conference with the court prior to entry of the scheduling order. Any such conference may be [ ] by telephone [ ] in chambers [ ] in court.


/s/ Jeremey A. Striegel_____  /s/ Bret Chaness_____
J. Rachel Scott                                      Bret Chaness
Georgia Bar No. 253048                   Georgia Bar No. 720572
Jeremey A. Striegel                            Kearstin H. Sale
Georgia Bar No. 598429                   Georgia Bar No. 650510
*Scott:* (404) 614-3986                     (678) 281-2730
*Striegel:* (404) 614-3947                 (404)921-9016 (fax)
(404) 525-5710 (Fax)                        bchaness@rubinlublin.com
jrscott@atlantalegalaid.org              ksale@rubinlublin.com
jstriegel@atlantalegalaid.org          *Counsel for Defendants*
*Counsel for Plaintiff*

3

**Exhibit to Report of Rule 26(f) Conference**

1. **Initial Disclosures**

The parties have agreed not to make initial disclosures and to waive the requirements of FED. R. CIV. P. 26(a)(1) with regard to same.

2. **Discovery Plan**

(a) Discovery will be needed on the following subjects:

1. Whether Plaintiff's loss mitigation application triggered any obligations of Statebridge in accordance with RESPA and Regulation X;

2. Whether Statebridge's conduct violated RESPA Loss Mitigation Procedures as outlined in 12 C.F. R. § 1024.41;

3. Whether Statebridge's conduct constituted fraudulent misrepresentation;

4. Whether Statebridge's conduct constituted negligent misrepresentation;

5. Whether Plaintiff's correspondence with Statebridge constituted a Qualified Written Requests as defined by RESPA and Regulation X;

6. Whether Statebridge's conduct violated RESPA Qualified Written Request, Request for Information, and Error Resolution procedures as outlined in 12 U.S.C. § 2605(e), § 2605(k)(1)(C), 12 C.F.R. §§1024.35 and 1024.36;

7. Whether Statebridge's conduct is part of an ongoing pattern or practice of noncompliance with RESPA;

8. Whether Statebridge owed a duty of care to Plaintiff;

9. Whether Statebridge breached a duty of care to Plaintiff;

10. Whether Statebridge failed to credit Plaintiff for any mortgage payment(s);

4

11. Whether Statebridge's conduct resulted in excessive and unreasonable property inspection fees;

12. Whether Statebridge's conduct resulted in fees and charges related to an improper foreclosure;

13. Whether Plaintiff suffered damages as a result of Statebridge's purported noncompliance with RESPA and/or Regulation X;

14. Whether Plaintiff suffered damages resulting from Statebridge's purported conduct and the extent of such damages; and

15. Whether Statebridge's conduct demonstrated an entire want of care and conscious indifference to consequences.

(b) All discovery will be commenced in time to be completed by June 16, 2020. Discovery on N/A [Describe any subjects on which early discovery will be needed, if applicable] will be completed by N/A.

(c) Each party may propound a maximum of 25 interrogatories to any other party. Responses to interrogatories are due 30 days after service.

(d) Each party may submit a maximum of N/A requests for production of documents to any other party. Objections to production of documents are due 30 days after service.

(e) Each party may submit a maximum of N/A requests for admission to any other party. Responses to requests for admission due 30 days after service.

(f) Depositions shall be limited to 10 depositions by plaintiff(s) and 10 depositions by defendant(s).

(g) Each deposition is limited to a maximum number of 7 hours unless extended by agreement of the parties, except for the depositions of N/A.

(h) Reports from retained experts under FED. R. CIV. P. 26(a)(2) are due from plaintiff(s) at least 90 days before the date set for trial and from defendant(s) at least 90 days before the date set for trial.

(i) Supplementations under FED. R. CIV. P. 26(e) due as follows: N/A.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **IN RE:** ) | |
| ) | **CASE NO. 19-62152-SMS** |
| **ISAAC HAMMETT,** ) | |
| ) | **CHAPTER 13** |
| Debtor. ) | |
| ) | **JUDGE SAGE M. SIGLER** |
| ) | |
| ) | |
| **ISAAC HAMMETT,** ) | |
| ) | |
| ) | **ADVERSARY NO. 19-05338** |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **STATEBRIDGE COMPANY, LLC, and** ) | |
| **WATERFALL VICTORIA GRANTOR** ) | |
| **TRUST II, SERIES G** ) | |
| ) | |
| Defendants. | |

## SCHEDULING ORDER

Upon review of the information contained in the Rule 26(f) Report completed and filed by the parties on and incorporated herein, it is **ORDERED** that the time limits and provisions stated in the Report are **APPROVED** except as herein modified:

_____

_____.

SO ORDERED this ___ day of _____, 2020.

_____
JUDGE SAGE M. SIGLER
UNITED STATES BANKRUPTCY JUDGE

7